## GRISWOLD v. THE AMERICAN CENTRAL INSURANCE COMPANY, *Appellant.*

**Fire Insurance:** LOSS PAYABLE TO THIRD PARTY: ASSIGNMENT OF IN-
TEREST; EVIDENCE: REMOVAL OF INSURED BUILDING. One C took out
a policy of insurance upon his dwelling house, described as being
situate " on west side of King's highway, near present terminus of
Lindell Avenue." Afterwards he borrowed money of F, and to se-
cure its payment, gave a deed of trust upon his land, and caused
the secretary of the insurance company to write on the face of the
policy, " Loss, if any, made payable to F." He subsequently sold
and conveyed the property to plaintiff subject to the incumbrance
in favor of F, and on the same page of the company's policy regis-
ter on which the particulars of the risk and policy were entered, he
caused the following further entry to be made: " Transferred to
G," (the plaintiff). Plaintiff subsequently removed the house to
another site on the same tract, to which the foregoing description
was equally applicable. In its new place the house was destroyed
by fire. Plaintiff paid off the incumbrance and received the policy
from F. In an action on the policy, *Held*, 1st, That the relation of
insurer and insured continued between the company and C, not-
withstanding the entry in the body of the policy making the loss
payable to F, and that F's interest in the policy terminated when
his debt was paid, and vested *eo instanti* in the plaintiff; 2nd, That
the entry on the policy register being made at the instance of
C tended to show that the company accepted plaintiff as the insured
in place of C, not in place of F; 3rd, That the removal of the house
did not avoid the policy, unless it changed the nature of the risk or
increased it in degree, and whether it did or not, was a question of
fact for the jury.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Rankin & Hayden, Geo. A. Madill* and *Thos. E. Ralston* for appellant.

1. The entry, "Loss, if any, made payable to F. Fuchs," bound the company to pay Fuchs whatever loss Cabanne should suffer within the terms of the policy. *Hale v. Fire Ins. Co.*, 6 Gray 169; *Fogg v. Middlesex Ins. Co.*, 10 Cush. 337; *Macomber v. Ins. Co.*, 8 Cush. 135. As Fuchs never, either by assignment or otherwise, parted with his right, he was the proper party to sue.

2. Before any loss happened, Cabanne had conveyed and had ceased to have any insurable interest. His conveyance was on the 7th day of September, and there is no pretense of any assignment until the 25th, eighteen days afterwards, when there was nothing to assign. Nor is there any evidence to show that the company, at the time the assignment was made, knew of the conveyance. As the contract of insurance is purely personal, this was a material fact and should have been disclosed. There was no new contract by which Cabanne was released, and Griswold accepted as the insured. *Foster v. Equitable Ins. Co.*, 2 Gray 216.

3. Since the property was subject to a deed of trust Cabanne conveyed to plaintiff only an equity of redemption, not the property insured. He cannot, therefore, recover upon the policy which insured the unincumbered estate.

4. The description in the body of the policy amounted to a warranty that the risk should not be changed in any such manner as it was by the dismantling of the house and its removal to the spot on which it was burnt. *Sillem v. Thornton*, 3 Ell. & Blackb. 868; *Robinson v. Ins. Co.*, 3 Dutch. (27 N. J. L.) 134; *Clark v. Ins. Co.*, 2 Wood. & M. 472.

*W. B. Thompson* for respondent.

1. The effect of the indorsement, "Loss, if any, made

payable to F. Fuchs," was to entitle Fuchs to collect the money, if the event happened upon which it became due. The original insurance remained, as a contract of guaranty to Cabanne, who must have an insurable interest in the property, and be the owner thereof, at the time of the loss, to entitle Fuchs to collect the policy. Fuchs had no insurable interest in the property, and could not recover as the party insured, but only as assignee of Cabanne, who had an insurable interest, and a right to recover so long as he remained owner of the property. *Fogg v. Middlesex Ins. Co.*, 10 Cush. 346. But, when Cabanne sold and conveyed the property to Griswold, Cabanne no longer had an insurable interest, and his appointment of Fuchs thereupon ceased and determined. *Grosvenor v. At. Ins. Co.*, 17 N. Y. 391.

2. The right of Fuchs under the policy having ceased and determined upon the sale and conveyance by Cabanne on September 7th, 1871, of the property insured, to Griswold, it was competent for Cabanne, with the consent of the defendant, to transfer the policy to Griswold. After this sale, if there had been no surrender or change of the policy, no one could have recovered thereon. Not Fuchs, for Cabanne sustained no loss; not Griswold, because he had no contract with the defendant. But upon the sale to Griswold, Fuchs' interest in the policy ceased, and Cabanne's interest therein was a claim to a partial return of premium, and, therefore, Cabanne's assignment of the policy to Griswold, with the assent of defendant, created a new and original contract of insurance between the defendant and Griswold, and the property having been destroyed by fire, the loss was Griswold's, against which he was insured by defendant, for a valid consideration, and upon a good and original contract. 10 Cush. 345. The indorsement by the agents of defendant, on its policy register, " September 25th, transferred to Wm. D. Griswold," was a valid and sufficient transfer of the policy to Griswold, under which defendant became liable to Griswold for loss happening

thereafter. *Solmes v. Rutgers Ins. Co.*, 40 N. Y. (3 Keyes) 416; *Northrup v. Miss. Val. Ins. Co.*, 47 Mo. 435.

HOUGH, J.—This was an action on a policy of insurance against loss by fire, issued by the defendant on the dwelling house of one Cabanne, for a period of five years from May 24th, 1870. The premium for the entire period was paid when the policy was issued. On the 6th day of August, 1870, Cabanne borrowed money from one Fuchs, and to secure the payment thereof executed to him a deed of trust conveying the land on which the house stood, or the adjoining land. On August 8th, 1870, the following memorandum was made on the face of the policy: "August 8th, 1870. Loss, if any, made payable to F. Fuchs. G. T. Cram, secretary." On September 17th, 1871, Cabanne sold the property insured to the plaintiff, Griswold, subject to the incumbrance in favor of Fuchs, gave him a deed therefor, and all the papers in his possession pertaining to the insurance and the deed of trust, and went with the son of the plaintiff to the office of the defendant in regard to the policy of insurance. What he did there Cabanne could not remember. He says he did whatever was required of him. The entries upon the policy register of the defendant, are as follows:

" No. 3550. Name, J. Charless Cabanne. Term, five years. Commencement of risk May 24th, 1870. Expiration of risk May 24th, 1875. Amount insured, $4000. Rate, two per cent. Amount of premium, $80. On his two story frame dwelling on west side of King's Highway near present terminus of Lindell Avenue. St. Louis, Missouri, August 8th, 1870. Loss, if any, made payable to F. Fuchs. G. T. C., secretary, &c. September 25th. Transferred to Wm. D. Griswold."

The house was totally destroyed by fire on November 3rd, 1872, and at the time of the fire it was 150 feet north of the spot it occupied when it was insured. In its new position it was still " on the west side of King's Highway

42—70

near present terminus of Lindell Avenue." Proof of loss was made by Griswold, and payment being refused, suit was brought in the name of Fuchs. On the 7th day of July, 1875, Griswold paid the debt secured by the deed of trust and policy, and received from Fuchs the policy. On November 17th, 1875, an amended and supplemental petition was filed in the name of Griswold, upon which the suit was tried.

The circuit court declared that, upon the foregoing facts, the plaintiff was not entitled to recover, and rendered judgment for the defendant. The court of appeals reversed the judgment of the circuit court and remanded the cause, and defendant has appealed to this court. It was held by the court of appeals that the relation of insurer and insured continued between the defendant and Cabanne notwithstanding the indorsement on the face of the policy made August 8th, 1870; and that the interest of Fuchs in the policy terminated when his debt was paid, and vested *eo instanti* in Cabanne's vendee, the plaintiff, Griswold. It was further held that the visit of Cabanne and young Griswold to the defendant's office, and the entry on the policy register of the defendant of September 25th, " Transferred to Wm. D. Griswold," tended to show that the defendant accepted Griswold as the insured instead of Cabanne; that this entry was utterly without meaning, if it were not so construed, as there was nothing else to which it could be rationally made to refer. It could not mean that he was substituted for Fuchs, for no one but Fuchs was competent to make such substitution, and it could only mean that Griswold was substituted in the policy for Cabanne. It was further held by the court of appeals that when the nature of the risk is changed, or it is increased in degree, the underwriter is discharged; but that whether there was such change or increase of risk consequent upon the removal of the building insured, from one spot to another, was in this case a question of fact for the jury. The opinion of the court of appeals, which is reported in 1 Mo. App. Rep. 97,

contains an exhaustive discussion of the points decided, and with the reasoning of that opinion and the conclusions reached, we are entirely satisfied. The judgment of the court of appeals will, therefore, be affirmed. All the judges concur.