## HUNTER M. MERIWETHER, Appellant, v. PHENIX INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, May 17, 1909.

INSURANCE: Construction of Policy: Property Covered. A policy covering a quartz mill and additions and certain machinery contained therein is construed and held not to cover an electric motor and connections contained in a building some hundreds of feet away, and the insurer on the evidence cannot be presumed to have understood it was intended to be included in the policy. Besides, plaintiff's possession of the policy couched in such plain terms without objection to its recitations, binds him to its conditions.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn*, Judge.

AFFIRMED.

*Metcalf, Brady & Sherman* for appellant.

(1) The only question in the case is, did the insurance policy sued upon, insure the property which was destroyed. (2) The defendant knew of the character of the business conducted by the insured and its surroundings, also the kind of power with which the plant was operated and where and by what the power was generated. Joyce on Insurance, sec. 497; Rissler v. Insurance Co., 150 Mo. 336; Williams v. Insurance Co., 73 Mo. App. 607; May on Insurance, sec. 420; I. W. L. & Z. Co. v. Insurance Co., 27 Mo. App. 446; Hale v. Insurance Co., 46 Mo. App. 511; Insurance Co. v. Coos Co., 151 U. S. 452; Aetna v. Strout, 44 N. E. 934; Cooley on Insurance, sec. 729; Cunningham v. Union C. & S. Co., 82 Mo. App. 607; Renn v. Sup. L. K. P., 83 Mo. App. 442; Norman v. Mut. Co., 74 Mo. App. 456.

*Reed, Atwood, Yates, Mastin & Harvey* for respondent.

(1) The court very properly sustained defendant's demurrer to the evidence. Village of L'Anse v. Fire Assn., 78 N. W. 465; Benton v. Insurance Co., 119 Mich. 281; Green v. Insurance Co., 91 Iowa 615; Assurance Co. v. Miller, 91 Texas 444; Bahr v. Insurance Co., 80 Hun. 309; Leaventhal v. Insurance Co., 32 Misc. Rep. 685; Insurance Co. v. Brannon, 81 S. W. 560. (2) It may be admitted that if the policy sued on was ambiguous, indefinite or in any wise uncertain as to the building in which the insured motor was situated, oral evidence upon proper pleadings and a proper case would be permissible to show what particular motor was meant. There is no shadow of ambiguity in this record in the

policy sued on, and there is no room for parol evidence. 1 Clement on Fire Ins., p. 60, citing Fish Co. v. Insurance Co., 84 Minn. 419, 87 N. W. 932; Landers v. Cooper, 115 N. Y. 279; 1 Enc. of Evidence, p. 826.

BROADDUS, P. J.—This is a suit to recover on a fire insurance policy. · The defendant recovered and plaintiff appealed. The defendant denies that the property, which was destroyed by fire, was included in the policy on which plaintiff seeks to recover. The property insured is described as follows:

"By this policy of insurance . . . does insure against all direct loss or damage by fire . . . the following property while located and contained as described herein, and not elsewhere, to-wit:

TWELVE THOUSAND, FIVE HUNDRED DOLLARS.

$3,000.   On frame and corrugated iron building and additions attached thereto, occupied as a quartz mill, situate in the Black Canyon Mining District about twenty miles southeast from Mayer in Yavapai County, Arizona.

$2,500.   On engine and boilers and connections, and

$2,000.   On electric motor and connections, and

$5,000.   On other fixed and movable machinery, including shafting, gearing, belting, pipes and fittings, all while contained in the above described quartz mill building."

This suit is to recover in the sum of $2,000 on account of loss by fire of an electric motor and its connections. The plaintiff sues as the assignee of the mining company to which the policy was issued. It was shown by the evidence that the engine and boiler room was situated about thirty feet from the mill building and connected therewith by a line shaft, and that there was an electric power house situated about twelve hundred

and fifty feet distant from the mill building and connected with it by electric wiring, which was used to transmit power and light to the mill building and mines. It was this power plant and the electric motor and connections thereto that were destroyed by fire.

It is contended by defendant that as the motor destroyed was not contained in the quartz building, therefore, it was not covered by the policy.

The evidence tends to show that an application was made by what was known as the Richinbar Company for a policy of insurance on the property and that one was issued to it, but was afterwards canceled. The policy in suit was issued to the Kentucky Standard Mining Company, plaintiff's assignor. A witness by the name of Campbell, who was acting for the former company, stated that he had furnished the defendant's agent, Thomas, with a plan of the property including that in question, which it wanted insured. Upon motion of defendant, this evidence was stricken from the record. The witness stated, however, that he had no connection with the Kentucky Standard Mining Company.

The evidence showed that there was an electric motor in the building of 35-horsepower while the one in question was of 55-horsepower. As the policy did not describe the motor in suit, the plaintiff endeavored to show by the evidence of Campbell and also by the evidence of himself that defendant had knowledge that the latter was a part of its plant and that it was the intention to include it in the policy, and that defendant so understood that such was the intention. The plaintiff testified that the value of the motor in the powerhouse was $2,500 and that in the mill building $750. We gather from the evidence that the policy issued to the Richinbar Company, so far as a description of the property is concerned, was the same as the one in dispute. Plaintiff knew what both contained as to such description and location of the property and he was also famil-

iar with the property itself, having been identified with it in a business way for many years.

Again referring to the testimony of Mr. Campbell, we find that after he and Thomas, to use his own language, "went over the property to be insured," the latter asked him for a plat, which he refused to give him, but referred him to a third party who was familiar with the property. It does not appear that Thomas ever saw or conferred with said third party. As Thomas had never seen the property, he must have relied upon plaintiff or Campbell in the first place to give him its description and location. Plaintiff, who was familiar with both policies and with the location of the property, must have. known that the motor in the powerhouse was not located, and that the only motor described was the one in the mill building. Such being the case, it does not seem credible that Thomas understood or was led to believe that the motor in question was also insured. Thomas, under the circumstances, must have drawn his conclusion from the description given him.

As the terms of the policy are plain and unequivocal and the same being in plaintiff's possession before the loss without any objection to its recitations, plaintiff is presumed to be familiar with its terms and bound thereby. [Insurance Co. v. Neiberger, 74 Mo. 167.]

Finding no error in the trial, the cause is affirmed. All concur.