SMITH *v.* BYRNE.

1. DEEDS—COVENANTS—RESTRICTIONS—GARAGE—INJUNCTION.
    The erection of a garage for rental purposes on a lot in a residential district restricted to a "single private residence and the necessary outbuildings" is in violation of such restriction, and was properly enjoined by the court below.

2. SAME—INTENTION—ESTOPPEL—PREPONDERANCE OF EVIDENCE.
    The finding of the court below that defendants' contention that plaintiffs were aware of defendants' purpose in erecting said garage building was not supported by a preponderance of the evidence, *held*, justified by the record.

Authorities passing on the question as to whether garage or stable as within restrictive covenants in conveyance of real estate are collated in a note in 34 L. R. A. (N. S.) 730.

Appeal from Wayne; Hosmer (George S.), J. Submitted October 21, 1919. (Docket No. 116.) Decided December 22, 1919.

Bill by Albert E. Smith and others against Dennis Byrne and others to enjoin the violation of building restrictions. From a decree for plaintiffs, defendants appeal. Affirmed.

*Guy A. Miller,* for plaintiffs.

*Merriam, Yerkes & Simons* for defendants.

SHARPE, J. The decree appealed from reads as follows:

"The above entitled cause having come on to be heard in open court, on pleadings and proofs, the testimony on behalf of plaintiffs and defendants having been offered in open court, and having been duly considered, counsel for plaintiffs and defendants having been heard, and it appearing to the court:

"1. That complainants Albert E. Smith and Josephine Smith, his wife, are seized and possessed of a legal estate in lot 101, Voigt Park subdivision of E. W. Voigt's subdivision of Voigt Park Farm, the same being a part of quarter section 36, 10,000 acre tract, according to a plat recorded in liber 22 of plats, page 94, in the Wayne county registry of deeds; that complainants Joseph W. Dykstra and Laura A. Dykstra are the owners of lot 100 of said subdivision; that defendants Dennis Byrne, Alice Byrne, E. L. White and Mrs. White are the owners of the legal title to, and of a legal estate in lot 102 of said subdivision.

"2. That the lots within said subdivision, and located on the north and south sides of Calvert avenue, in the city of Detroit, and between Second and Third avenues, within which limits said lots 100, 101 and 102 are located, are subject to a uniform building restriction which, in part, contains the following words: 'Nothing but a single private residence and the necessary outbuildings shall be erected on any one lot.' Such building restrictions are binding and valid, and

in full force and effect as between plaintiffs and defendants in the above entitled cause.

"3. That said defendant Dennis Byrne, on or about the 4th day of April, 1917, entered into a contract in writing with one Shepherd, said Shepherd being the owner of a flat building located upon the next street to the south of Calvert avenue, wherein it was agreed, among other things, that said Shepherd was to advance certain sums of money for the construction of a garage building or buildings upon said lot 102; that said Byrne was to construct such building or buildings, and, when constructed, said agreement provided for the leasing to said Shepherd of said building or buildings; that said Shepherd was to pay a rental of five dollars ($5.00) per month for each car which said buildings were capable of accommodating; and that the purpose of said agreement was that said Shepherd might sublet space in said building or buildings to the tenants in his apartment building for their use in the storage of their automobiles.

"4. That at the time of the making of said agreement, there was upon the southeast corner of lot 102 a garage building sufficient in size to accommodate two automobiles; that after the making of said agreement, said defendants proceeded with the construction of an additional garage building upon the southwest corner of said lot 102, and the construction of an addition to the original garage building, and that the purpose of such new construction was to carry out the terms of said agreement with said Shepherd; that said buildings, when completed, were and are capable of accommodating five automobiles.

"5. That upon the completion of said buildings, said Shepherd went into possession thereof, under the terms of said agreement, paid rent thereunder, and is now in possession thereof and paying rent therefor.

"6. That subsequent to the erection of said buildings, said defendants White became purchasers under land contract from said Byrne of said lot 102, and are now securing the benefit of the rental received from said buildings by way of credit upon the amount owing by them under the terms of said land contract to said defendants Byrne.

"7. That the construction and occupation of said

buildings constituted a violation of the terms of the building restrictions, binding upon the owners and occupants of said lot 102, and running in favor of plaintiffs in the above entitled cause.

"8. It further appearing that the plaintiffs are entitled to the relief prayed for in their bill of complaint:

"It is hereby ordered, adjudged and decreed that said defendants, Dennis Byrne, Alice Byrne, E. L. White and Mrs. White be permanently enjoined and restrained from renting to others space in said garage buildings on said lot 102, Voigt Park subdivision of E. W. Voigt's subdivision of Voigt Park Farm, the same being a part of quarter section 36, 10,000 acre tract, according to a plat recorded in liber 22 of plats, page 94, in the Wayne county registry of deeds; and from using said buildings in any manner whatsoever for hire, and from using said buildings in any manner whatsoever in the prosecution of any business enterprise whatsoever;

"It is further ordered, adjudged and decreed that said defendants, Dennis Byrne, Alice Byrne, E. L. White and Mrs. E. L. White, within a space of four months from the service upon them, or upon the firm of Wilkinson, Routier & Hinkley, their attorneys in the above entitled cause, of a certified copy of this decree, remove from said lot 102 in said subdivision all of said garage buildings constructed and maintained thereon by said defendants, except such as are sufficient to reasonably accommodate two automobiles, and are fairly equivalent to the garage building located thereon prior to the fourth day of April, A. D. 1917.

"It is further ordered, adjudged and decreed that said defendants, Dennis Byrne, Alice Byrne, E. L. White and Mrs. E. L. White, be permanently enjoined from erecting in the future, any buildings upon said lot, except such as are reasonably necessary as properly appurtenant to the single dwelling house located thereon."

The defendants, who appeal therefrom, apparently find no fault with the facts as found therein. They urge, however, that the proofs submitted establish the following additional facts:

(1) That, when the defendant Byrne bought lot 102 in 1916, the smaller garage building stood thereon and that he rented the space therein for storing automobiles without objection from any one.

(2) That such action on his part was in accordance with the practice of many other owners of residences in the same block.

(3) That the plaintiffs were aware of his intention to rent the space in the larger building and raised no objection thereto until its completion.

The first two of these are immaterial to the issue here presented. The facts stated in no way estop the defendants from asserting their rights under the restrictive clause in the deeds. As to the third, there is a sharp conflict in the proofs. After a careful reading of the testimony, we feel constrained to hold, as did the trial judge, that it is not supported by a preponderance of the evidence.

The defendants claim that no violation of the restriction, if it be given a reasonable construction, is shown, and that, in any event, the relief granted in the decree was not justified. The language employed in the restriction is in no way uncertain or ambiguous. It reads:

"Nothing but a single private residence and the necessary outbuildings shall be erected thereon."

Its purpose is apparent. It was intended to preserve the territory for a residential district, for a place for dwelling houses and the outbuildings necessary for the enjoyment of their occupants. In other words, only such buildings additional to the residence can be constructed as are ordinarily used and occupied as aids to the use of the dwelling house. Clearly, a garage for rental purposes is not so needed.

Defendants insist that they should not be required to remove the buildings as provided for in the decree and that the only relief which should be granted, in

any event, is to enjoin the use for a purpose inconsistent with the restriction. There is nothing in the record which even suggests that the building might be used for any other purpose. It should not be permitted to remain on the lot, where, to some extent, at least, it restricts plaintiffs' view unless it be a necessary outbuilding.

The trial judge was somewhat familiar with the surroundings. Certain photographs were introduced which made the situation plain to him. It is manifest that the conclusion reached by him is likely to be more reliable than one arrived at by us from an examination of the printed record. We therefore do not feel justified in interfering with his judgment as to the necessity for such removal.

The decree is affirmed, with costs to plaintiffs.

BIRD, C. J., and MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.