GERSTEN *v.* WESTERN ASSURANCE CO.

1. TRIAL—UNDISPUTED FACTS PRESENT LAW QUESTION.
   Where facts are undisputed, question presented is one of law.

2. INSURANCE—FIRE INSURANCE—"OUTBUILDING" DEFINED.
   Term "outbuilding," as used in insurance policy, refers to structure, with identity, characteristics, and use in connection with principal building to which it is subservient.

3. SAME—COTTAGE NOT "OUTBUILDING"—PROPERTY "STORED IN OUTBUILDING."
   Cottage built and furnished for purpose of renting to resorters is not "outbuilding," nor is its furniture being "stored" therein to relief of dwelling house or as aid to use of dwelling, within meaning of fire insurance policy insuring household and personal effects while stored in outbuildings on premises.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted October 5, 1933. (Docket No. 74, Calendar No. 37,292.)  Decided December 5, 1933.

Assumpsit by Sarah Gersten against Western Assurance Company on a policy of fire insurance. Verdict and judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*David Anderson*, for plaintiff.

*Samuel Levin* and *Lewis R. Williams*, for defendant.

Wiest, J.  This is an action on a Michigan standard fire insurance policy. The policy covered—

"household and personal effects of every description belonging to insured and all members of the insured's family, usual or incidental to the occupancy of the premises by the insured, * * * all while contained in or attached to the * * * building occupied for dwelling purposes situated and known as No. 1A, situated on the corner of Phoenix road and Bradley avenue, city of South Haven, State of Michigan.  This insurance shall also cover under the above item household and personal effects as described above, if the property of the insured and not otherwise insured, while stored in outbuildings on the above-described premises, but the liability of this company for loss or damage to household and personal effects in outbuildings shall not exceed 10 per cent. of the amount of insurance under item No. 1 above."

After the policy was issued plaintiff constructed a summer cottage, about 50 yards from the dwelling house, for rental purposes to resorters, furnished

the same, and it was occupied by renters during the season of 1931, but closed about September 1, 1931, and was unoccupied but furnished when, on September 9, 1931, it was destroyed, together with its contents, by fire of unknown origin.

Defendant contends that the cottage did not fall within the coverage upon household and personal effects while stored in outbuildings.

Plaintiff contends that the cottage was an outbuilding and the resort season had closed at the time of the fire, and it was an outbuilding in which household goods and effects were stored within the meaning of the coverage.

Was the summer cottage, constructed and furnished for use apart from plaintiff's dwelling house and occupied by renters during the summer, an outbuilding of plaintiff's dwelling?

Upon trial by jury there was verdict that the cottage was an outbuilding within the coverage of the policy. Upon review of judgment on the verdict counsel for plaintiff insists that the question of whether the cottage was an outbuilding within the terms of the policy was one of fact for the jury. The facts being undisputed, the question was and is one of law.

The household effects burned were not being stored in the cottage, to relief of the dwelling house, or as an aid to the use of the dwelling house, but were placed therein for the purpose of rental of the cottage and were there merely awaiting another resort season and rental to others, for use apart from the dwelling house.

The term "outbuilding" refers to a structure, with identity, characteristics, and use in connection with a principal building to which it is subservient.

In *Smith* v. *Byrne,* 208 Mich. 104, a covenant in a deed restricted use of premises to a single private residence and the necessary outbuildings, and, in holding that the erection of a garage for rental purposes on the premises was in violation of the restriction, Mr. Justice SHARPE, speaking for the court, said:

"It was intended to preserve the territory for a residential district, for a place for dwelling houses and the outbuildings necessary for the enjoyment of their occupants. In other words, only such buildings additional to the residence can be constructed as are ordinarily used and occupied as aids to the use of the dwelling house. Clearly, a garage for rental purposes is not so needed."

The cottage was not intended nor was it used as an accessory to the dwelling house. The policy covered designated personal property in the dwelling house and portions while stored in an outbuilding. The cottage was constructed and the furniture and effects therein installed were not a part or parcel of household effects or connected in any way with the dwelling house proper. Judgment should have been entered for defendant.

Judgment reversed, with costs, and without a new trial.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.