## DRUGGISTS' MUTUAL FIRE INSURANCE CO. OF IOWA v. SHAW, Adm'r.

No. 23692.   Feb. 12, 1935.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Morrison, Morrison & Morrison, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the court below. Plaintiff was engaged in the drug business in the city of Calumet, in 1926. He occupied, in the conduct of his business, two

buildings situated upon lot 10, block 7. The building which fronted upon the street was a two-story brick building, 25 x 60, with composition roof. Situated back of this building, and about 15 or 20 feet from it, and entirely disconnected with it, was a one-story brick building which plaintiff used for storage purposes and occasionally made bulk sales of merchandise therefrom. In 1926, plaintiff procured two policies of insurance from the defendant company, protecting him from loss by fire upon the merchandise and fixtures, respectively. These policies were identical in their terms, except for the description of the articles insured. Each one contained this provision following the description, "all only while contained in the two-story noncombustible roof brick building situated on lot 10, block 7, Todds addition to Calumet, Okla." Plaintiff suffered a loss to both merchandise and fixtures by fire which occurred in the one-story brick building at the rear of the lot, and brought suit against the defendant in two causes of action upon the two policies, claiming that the merchandise and fixtures in that building were covered by the terms of the policies. There was a judgment for the plaintiff, and defendant appealed.

The court submitted to the jury the question whether or not it was the intention of the parties in the policies of insurance that the merchandise and fixtures in the one-story building were covered by the policies, after overruling the demurrer of the defendant to plaintiff's evidence and a request for peremptory instructions at the close of the case. Whether or not this was error is the question presented on appeal under the several assignments of error.

The general rule that when the parties have entered into a written contract which is plain and unambiguous, their rights thereunder will be measured by the written instrument, and that parol evidence will not be received to vary or contradict its terms, is too well established to need citation of authorized introduction of parol evidence to contracts of insurance. Defendant in error recognizes this general principle, but seeks to justify the ruling of the court upon the ground that while the policies are unambiguous upon their faces, when the written contracts of insurance are attempted to be applied to the subject-matter of the contracts a latent ambiguity is disclosed, which authorized introduction of parol evidence to show the real intent of the parties. If that contention is sound, the judgment should be affirmed; if it is unsound, it should be reversed.

There being no uncertainty in the language of the policies, parol evidence was inadmissible, unless uncertainty arises when the attempt is made to apply the terms of the contracts to the situation with respect to which they were made. The contracts insured against loss by fire the stock of goods and fixtures "all only while contained in the two-story noncombustible roof brick building situated on lot 10, block 7." The proof introduced showed that there was a two-story building on this lot that conformed exactly to the description contained in the policies, and only one, in which plaintiff was conducting the kind of business described in the contracts, and in which by far the larger part of his entire stock and fixtures were housed. This proof introduced no element of doubt into the situation. If there had been two two-story buildings, or no buildings of the type described, but a one-story building in which plaintiff was doing business, the situation would have disclosed a latent ambiguity which would have authorized, and required, the introduction of parol evidence for the purpose of ascertaining the intention of the parties, because the policies, although certain in their terms, could not be applied by the court without the aid of extrinsic evidence. Defendant in error takes the position that it was the intention of the parties to insure all of his stock of merchandise and fixtures situated on the lot in question, and that when the evidence showed that part of it was stored in the detached one-story building, a latent ambiguity was disclosed. In other words, when it was shown that the entire stock of goods and fixtures were not stored in the two-story building described in the policies, but that a part was contained in the one-story building, it then became competent to introduce parol evidence for the purpose of proving the intent of the parties, on the ground that the contracts themselves were ambiguous. But that position is untenable. In assuming that it was the intention of the parties to cover all of the stock and fixtures, plaintiff in error does violence to the plain language of the written instruments which restricted the protection of the policies to that part only which was situated in the two-story building. There is nothing in the policies that is inconsistent with the qualifying provision that limits coverage to the merchandise and fixtures situated in the two-story building, and the parties having embodied their contract in a written instrument, are bound by its terms. Plaintiff may well have intended to procure other insurance upon the contents of the one-

512

story building; and the proof shows that he did, in fact, carry a separate policy in another company covering such articles, which expired a short time before the fire. The parties may not insist upon a strained construction of the contract in order to claim a latent ambiguity in its terms; nor may they, under the guise of a latent ambiguity, contradict the plain terms of the written instrument. Our Supreme Court, in the case of Duffy v. Scientific American Compiling Department, 30 Okla. 742, 120 P. 1088, has used language which is particularly applicable to this case when it said:

"He could not destroy the written contract under the mask of explaining a latent ambiguity."

The judgment should be reversed, with instructions to enter judgment for the defendant, and it is so ordered.

The Supreme Court acknowledges the aid of Attorneys Lawrence Mills, A. A. Davidson, and Richard K. Bridges in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Mills and approved by Mr. Davidson and Mr. Bridges, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY BAYLESS, CORN, and GIBSON, JJ., concur.