No. 16,050.

Iowa Mutual Insurance Company *v.* Hayutin.

(201 P. [2d] 371)

Decided November 29, 1948.  Rehearing denied January 3, 1949.

Messrs. January & Yegge, Mr. Richard D. Hall, for plaintiff in error.

Mr. Isaac Mellman, for defendant in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

In an action on a fire insurance policy, the insured enjoyed favorable judgment. The controlling question has to do with the interpretation of the policy. By the policy, the company insured against loss by fire of the "contents" of a building described therein as 1401 West Colfax Avenue, Denver, consisting of "new and used auto parts and accessories," and "only while contained in or attached to said building or within one

hundred feet thereof while on sidewalks, streets, alleys, yards, detached platforms and in or on vehicles or railway cars, also while on platforms in contact with the building." Concededly, there was no fire in the building mentioned in the policy, nor was there damage to the contents thereof while within the building, or to property in buildings attached thereto, or on platforms in contact therewith, or while on or in any of the places, or vehicles, or cars mentioned in the policy. There was a fire, however, in what insured testified was the "rear main building on the alley," but not in the "front main building on Colfax [the one mentioned in the policy]," as he further testified. Thereupon his counsel inquired: "What merchandise did you have in the main building to the rear of the Colfax building?" In answer, insured said: "Well, in that building there was the assemblies of a great many automobiles that dismantled or parts of assemblies were placed in bins for resale, all marked as to proper kinds and year." It was in this wholly detached building, and only there, that insured suffered loss for which he makes claim.

It is to be observed that the building in which there were "assemblies of a great many automobiles," and where the fire occurred, and the building mentioned in the policy, the contents of which consisted of "new and used auto parts and accessories," and where there was no fire, stood on a plot of ground wholly enclosed by a fence or the walls of the buildings. The insured was the tenant in possession of the entire property, and used it all in his business. Although the building in which the loss occurred was an independent structure, and in nowise attached to the one mentioned in the policy, still, the major part thereof, but not all, was within one hundred feet of the Colfax Avenue building.

The trial court, emphasizing the word "yards" contained in the policy, which, for accommodation of language, it singularized, ruled that the policy covered any property within the "yard." Since the building in which

the loss occurred was in the same yard as the structure mentioned in the policy, and within one hundred feet thereof, a fact also emphasized by the court, it found, as a matter of law, that liability for the loss attended, and only submitted to the jury the question of the amount of damage sustained.

We are persuaded, not only that the trial court erred in its interpretation of the terms of the policy, to which presently we shall address ourselves, but that it should have granted the company's motion, made at the close of the evidence, for a directed verdict in its favor.

Necessarily, premise for recovery by insured, if any, must be found in the language we have quoted from the policy, but clearly, as we think, the loss sustained does not come within the exceptions therein set forth. In using the wording employed, we think it was not the purpose of the company to extend liability to losses sustained in another building, as here. Rather, as we are persuaded, the language used in the policy was to extend the meaning of the word "contents" so that it would include goods being moved into the building described in the policy on purchase, or those being transferred therefrom on sale. In the course of such transferences, the places on or in which the goods may be, and still be covered by the policy, are stated. The goods here destroyed or damaged, were not on, or in, any of the places mentioned, nor was there any intention on the part of the insured that they should be placed in the building mentioned in the policy. There was no evidence that the destroyed property had been in the building or had been sold therefrom and was being delivered to the purchaser. On the contrary, the property destroyed, as the insured testified, was placed in bins in the building where the loss was sustained, for "resale." Stated otherwise, it was merchandise that had not been contained in the building mentioned in the policy, nor was there intention on the part of the insured to place it there. It was being kept for sale in the building in

which the insured placed it in the first instance, and was of the contents of *that* building, not of the one, the contents of which were within the coverage of the policy. *Peony Park, Inc. v. Security Ins. Co.,* 137 Neb. 504, 289 N. W. 848. We cannot think that *American Ins. Co. v. Meyers,* 118 Ill. App. 484, cited by counsel for insured, is in point. In that case, the policy covered "lumber, laths, shingles and posts contained in their yards," as stated by the court, and since some of the property destroyed was in an open shed in the yard, the company maintained that the policy did not cover that item of loss. The court there was not persuaded to that view; but the case is not the same as the one here under consideration. Other cases cited by counsel for insured to the point, have to do with the definition of the word "yard," which we do not regard as pertinent here.

Let the judgment be reversed, and, on receipt of our remittitur, the trial court will dismiss the case.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE JACKSON concur.