Nolia HINES, Appellant,

v.

HOME INSURANCE COMPANY OF
NEW YORK, Appellee.

No. 1896.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 26, 1956.

Decided Jan. 14, 1957.

John A. Ryan, Washington, D. C., for appellant.

Samuel W. McCart, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant was the holder of an insurance policy issued by the company under which her household goods and furniture were insured against loss or damage by fire; the policy described the goods as being located in premises occupied by appellant as a dwelling at 1108 Sixth Street, N. W. Sometime after the issuance of the policy she moved across the street to 1105 Sixth Street, N.W.; several months thereafter a fire occurred in the last mentioned premises damaging some of the property covered by the policy. Upon the refusal of the company to pay the loss she filed suit. After a trial the court entered a judgment for the company; this appeal followed.

The main defense was that the coverage of the policy was limited to the property while contained in the first mentioned premises and inasmuch as appellant had failed to secure the approval of the company or notify it of the change of location and as it had not learned of the change until after the loss, it was not liable.

While the policy that was actually issued, together with the premium receipt book, were lost in the fire, a policy of the same series, containing the same provisions,

was made a part of the record by agreement of counsel. It is clear from an examination of this document that it only covered the property while it was located in the original premises. Among other provisions to this effect was one entitling the policyholder, with the permission of the company, to remove the property to a different location, in which event all liability for loss in the original location would terminate. No such permission was ever secured or even requested.

■■ This court has held that "It is in accord with the universal rule that where a fire insurance policy covers goods only so long as they remain in a designated place, the insurer is not liable if the loss occurs elsewhere."[1]

Appellant apparently does not disagree with this rule, but contends (1) that there was sufficient evidence for the court to find that the company had notice that the appellant had moved and (2) that by accepting, after the fire, a year's premium in advance for protection against fire of the same property in the new location, it is estopped from defending on the ground of change of location.

When counsel for appellant contends in his brief there was sufficient evidence for the court to find that the appellant had notified the company of her change of address, he presumably means that the company had notice of the removal of the insured property to the new location. There is no support in the record for this contention.

■ Concerning the contention in connection with the acceptance of a premium payment subsequent to the fire, the record shows that while the insurance agent accepted the premium for the ensuing year and used the number of the original policy and the address at which appellant was then living in the new receipt book issued to appellant, the agent did not know at the time that a fire had occurred; and on that occasion he told her the policy did not cover the property at her then address and that she should go to the company office and have the policy changed to the new address, which direction she did not follow. Even if we assume the doctrine of estoppel applicable to this situation,[2] the elements of estoppel are not made out on these facts.

In view of the conclusion reached, it is unnecessary to discuss the remaining point raised by the appellee.

Affirmed.

1. Barrett v. Freed, D.C.Mun.App., 35 A. 2d 180, 182, and cases cited.

2. See Annotation, 4 A.L.R.2d 868.