DEWEY R. PARKER, JAY C. PARKER AND BOB PARKER, TRADING AND DOING BUSINESS AS PARKER ELECTRIC COMPANY v. WORCESTER MUTUAL FIRE INSURANCE COMPANY.

(Filed 28 April, 1965.)

**Insurance § 73—**

> A policy covering loss of personal property located in the building "occupied by the insured" insures the property in the building occupied by the insured at the time the policy was issued and nowhere else, and even though the policy stipulates the building was situated on the south side of a named street of a municipality the terms of coverage cannot be enlarged to include also property stored by insured in an additional building on the south side of the named street when insured had no property in the second building at the time the policy was issued.

APPEAL by plaintiffs from *McConnell, J.,* Regular January 1965 Civil Session of WILKES.

Plaintiffs brought this action to recover their loss resulting from a fire on May 9, 1963, which destroyed the contents of a building known as the Welborn Building, located on the south side of Main Street, Wilkesboro. They alleged defendant had insured the contents of that building against damage by fire.

Defendant admitted issuing a policy protecting plaintiffs against loss by fire because of damage to the contents of a building on the south side of Main Street in Wilkesboro. It averred the building described in the policy was the one known as the Smithey Building — not the Welborn Building.

At the conclusion of plaintiffs' evidence, the court allowed defendant's motion for nonsuit. Plaintiffs appealed.

*Hayes & Hayes for plaintiff appellants.*
*Ferree & Brewer for defendant appellee.*

RODMAN, J. The uncontradicted evidence establishes these facts: On February 26, 1962, defendant's authorized agent delivered to plaintiffs a policy of insurance. This policy insured plaintiffs "against all DIRECT LOSS BY FIRE, LIGHTNING AND BY REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS HEREINAFTER PROVIDED, *to the property described herein while located or contained as described in this policy,* or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against in this policy, *but not elsewhere.*" (Emphasis supplied.) The policy provided protection for five years, beginning March 8, 1962. The claimed loss amounted to $6,-852.50. On the face of the policy is the following:

"Item No. ................

Amount Fire or Fire
and Extended Cover-
age, or other Peril:

$10,000.00

DESCRIPTION AND LOCATION OF PROP-
ERTY COVERED.

Show construction, type of roof and
occupancy of buildings covered or
containing the property covered. If
occupied as a dwelling state number
of families:

On all contents in a two-story, masonry,
approved roof, *occupied by owner as*
PARKER ELECTRIC COMPANY, situated S/S
of Main Street in Wilkesboro, N. C."

When the policy was delivered, and on its effective date, Parker
Electric Company was engaged in business at 111 and 109 south side
of Main Street. That building was a two-story, masonry building with
an approved roof. It was known as the Smithey Building. It was not in
fact owned by the three individuals trading as Parker Electric Com-
pany, but one-half of the building was owned by the members of the
partnership and their respective wives, and the other half was owned
by Mr. Hubbard. A representative of the North Carolina Fire Insurance
Rating Bureau went to Wilkesboro to rate the Smithey Building "in
order that we might get this policy of insurance." The only place where
plaintiffs stored merchandise in 1962 was 111 and 109 Main Street.
Plaintiffs had never stored any merchandise in the Welborn Building
until February 1963. It was, when the fire occurred, operating and had
merchandise stored in the Smithey Building and in the Welborn Build-
ing.

The agent who issued the policy of insurance knew, prior to the fire,
that plaintiffs were operating and storing merchandise in both the
Smithey Building and in the Welborn Building (the building which was
burned). The record is not clear as to whether the Welborn Building
could be denominated a "two-story building." For the purpose of the
appeal, we assume that the jury could so find.

There is no evidence of any request by plaintiffs to amend the policy
so as to specifically include merchandise in the Welborn Building.

Plaintiffs contend the policy afforded protection for loss by fire of the
contents of any two-story building on the south side of Main Street
in Wilkesboro in which they did business. Defendant contends that the
policy, by express language, was limited to the contents of the building
occupied by Parker Electric Company in 1962, and could not thereafter
be enlarged to cover the contents of other buildings which plaintiffs
might occupy, without an agreement of the parties evidenced by an
endorsement on the policy.

There is no suggestion that the property which was burned was ever in the Smithey Building. The record does not show the distance between the Smithey and Welborn Buildings. It is, however, stated in one of the briefs that they were in different blocks.

We are not at liberty to disregard the express provisions of the policy. In clear and unmistakable language, defendant insured property located in the building *occupied by the insured*. This language is expressly authorized by statute, G.S. 58-176. It is a material part of the contract; it cannot be ignored. The policy insured the contents of a building damaged by fire. What building? By express language, it was the building occupied by insured when the policy was issued — not elsewhere. *Rosenthal v. Insurance Co. of North America*, 149 N.W. 155; *Iowa Mut. Ins. Co. v. Hayutin*, 201 P 2d 371; *Southern Underwriters v. Williams Lumber Co.*, 38 S.W. 2d 177; *Peony Park v. Security Ins. Co. of New Haven, Conn.*, 289 N.W. 848; *Liverpool & London & Globe Ins. Co. v. Georgia Auto & S. Co.*, 115 S.E. 138; *Cole v. Kansas City Fire & Marine Ins. Co.*, 254 S.W. 2d 304; *Hines v. Home Insurance Company of New York*, 128 A. 2d 447; *English v. Franklin Fire Insurance Company of Philadelphia*, 54 Am. Rep. 377; *Bryce v. Lorillard Fire Insurance Company*, 14 Am. Rep. 249; 29 Am. Jur. 83-84; 45 C.J.S. 234-235; 4 Appleman, Insurance Law and Practice, p. 208.

Affirmed.