NORTH CAROLINA BLUE CROSS AND BLUE SHIELD, INC. v. AMERICAN MANUFACTURERS MUTUAL INSURANCE COMPANY

No. 7415SC956

(Filed 7 May 1975)

**Insurance § 125— fire insurance — house moved to another location**

Where an insurance policy provided coverage against loss by fire to a house "while located or contained as described in this policy . . . but not elsewhere," the policy did not cover a fire loss which occurred after the house had been moved from its location described in the policy to another lot approximately 600 feet away whether or not the risk was thereby increased.

APPEAL by plaintiff from *Brewer, Judge*. Judgment entered 18 September 1974 in Superior Court, ORANGE County. Heard in the Court of Appeals 24 January 1975.

Civil action to recover under a fire insurance policy. The following facts were established by the pleadings and by answers to interrogatories:

On 16 May 1969 defendant issued to plaintiff its North Carolina standard form fire insurance policy providing coverage to plaintiff against loss by fire to property of plaintiff described in the policy as:

> "[T]he one story, brick veneer, approved roof, tenant occupied, one family dwelling, situated Lot No. 1, Cedar Terrace Annex, s/s of Lakeview Drive, Route 7, Durham, N. C. (Christopher Property)."

The policy was issued for a period of three years, the premium was paid, and the policy was outstanding on 25 June 1971. The policy provided on its face that it afforded coverage "to the property described herein while located or contained as described in this policy, or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against in this policy, but not elsewhere."

The building insured had been acquired by plaintiff from John Christopher and wife on 16 May 1969, the same date on which the policy was issued. On that date the building was

Blue Cross and Blue Shield v. Insurance Co.

located on Tract 1 or 2, or partly on each, of the "Christopher Property" on the south side of South Lakeview Drive in the subdivision known as Cedar Terrace Annex. Between 14 and 21 May 1971 the building was disconnected from its original foundation and moved a distance of approximately 600 feet to property which plaintiff had acquired known as Lot Numbers 6 and 7 of the Cedar Terrace Annex Subdivision, on East Lakeview Drive and located on the west side of the street. On 25 June 1971, when the building had been in position at its new location for approximately five weeks, it was extensively damaged by fire. On that date the building was resting with its weight upon a masonry foundation and upon steel beams which had been used in transporting it from its original location. No water, electricity, or telephone service was then being supplied to the building.

At no time prior to the fire did the plaintiff notify defendant of the moving of the building or request any alteration or change of the policy in connection with that circumstance. On the date of the fire, Lots 1, 2, 6 and 7 of Cedar Terrace Annex were all owned by plaintiff, and along with other parcels, acquired by plaintiff at different times from various owners, constituted a holding of approximately forty acres by plaintiff.

The defendant moved for summary judgment on the ground that the policy did not cover the building at its location on the date of the loss by fire. The court allowed the motion, and from judgment dismissing the action, plaintiff appealed.

*Manning & Jackson by Frank B. Jackson for plaintiff appellant.*

*Cockman, Akins & Aldridge by William C. Lawton for defendant appellee.*

PARKER, Judge.

Plaintiff contends that removal of the insured property from the location designated in the policy should not relieve defendant insurer of its obligation to pay under the policy unless the change materially increased the risk of loss, that whether the change of location did materially increase the risk of loss in this case presents a genuine issue of material fact, and that

for this reason summary judgment was not proper. In our view, however, this case presents only a matter of contract interpretation on undisputed facts. As we interpret the contract, the unresolved factual issue to which plaintiff refers is immaterial in determining the rights of the parties, and summary judgment for defendant was properly entered.

By unambiguous language in the policy, the defendant insured the plaintiff against loss by fire and other hazards occurring to the property described in the policy "while located or contained as described in this policy . . . but not elsewhere." It is difficult to conceive how language could be more explicit. The parties contracted with reference to property at a particular location. In consideration of the premium paid, defendant agreed to carry certain risks to the property while located as described in the policy, *but not elsewhere*. When plaintiff moved the property from its location as described in the policy, the property was no longer within the coverage provided by the policy. The removal changed the risk contracted against, and by the express language of the policy took the moved property out from under its coverage. Whether the hazard was thereby increased or decreased is simply immaterial, since plaintiff had no power acting alone to change the contract.

Plaintiff cites *Griswold v. The American Central Insurance Company,* 70 Mo. 654 (1879), in support of its position. In that case the insured dwelling was moved before the fire some 150 feet north of the spot it had occupied when the policy was issued. The Missouri Supreme Court held that the insurance company would be discharged if the risk had been increased and that whether there was such an increase in the risk consequent upon the removal of the building from one spot to another was a question of fact for the jury. In that case, however, the Missouri Court also noted that the insured building even after the removal and in its new position was still "on the west side of King's Highway near present terminus of Lindell Avenue," which was the location described in the policy. Quite apart from that distinguishing feature, however, we do not find the reasoning of the *Griswold* case compelling or the decision therein controlling in the present case. Rather, we find persuasive and more directly controlling here the decision of our own Supreme Court in *Parker v. Insurance Co.,* 264 N.C. 339, 141 S.E. 2d 466 (1965), which supports our conclusion here.

Affirmed.

Judges MORRIS and HEDRICK concur.