ELUSIAN HUBBELL, Appellant, Complainant,

vs.

NATHAN HUBBELL, Appellee, Defendant.

APPEAL IN EQUITY FROM THE CIRCUIT COURT OF ROCK COUNTY.

A decree of divorce by the proper tribunals of the State where the parties are domiciled, and where the marriage was solemnized, is valid every where.

Where the marriage was solemnized in another State, and both parties removed into this State and are domiciled here at the time the suit is commenced, though the causes of divorce may have occurred in another State, jurisdiction may be maintained.

The decision of the Supreme Court under its former organization as to the question whether the Circuit Court has jurisdiction to decree a dissolution of the marriage contract in cases where the marriage and the causes of divorce occurred in another State, and where the Defendant has never been a resident of, or been served with process within this State, will not be disturbed.

This cause comes here by appeal from the decree of the Circuit Court of Rock county. The facts are sufficiently stated in the opinion of the court.

*John M. Case*, for the appellant, submitted the following points:

1. "The courts have jurisdiction to dissolve the marriage contract, although the defendant may never have been a resident of this State."

2. "Courts have jurisdiction to grant divorces, the cause for which arose in another State."

*By the Court*, SMITH, J. The complainant filed her bill in the Circuit Court of Rock county, in September last, praying that the marriage contract between her and the defendant, her husband, might be dissolved. The causes alleged are, desertion, cruelty and

habitual drunkenness. The bill shows that the par-
ties were married in the State of New York, in the
year 1833, where they continued to live and co-habit
together, till the year 1850. The complainant re-
moved to Rock county, in this State, in 1852, where
she has since resided. It also appears from the bill,
that the defendant has been a citizen and resident of
the State of New York ever since the marriage, and
that the alleged causes of divorce, consisting of de-
sertion, cruelty and habitual drunkenness, all arose
there. The defendant not being found in this State,
was proceeded against as a non-resident, as in other
cases in chancery. The usual order to plead, answer,
&c., was duly entered, and a copy thereof was per-
sonally served upon the defendant in the State of
New York. Proofs were taken by the complainant,
in order to establish the facts charged, but the court
below dismissed the bill for the want of jurisdiction,
on the ground that the defendant had never been a
resident of this State, and the causes alleged arose
within another and foreign jurisdiction.

We are now called upon to decide the question
whether the Circuit Court has jurisdiction to decree
a dissolution of the marriage contract, in a case where
the marriage and the causes of divorce as alleged, oc-
curred in another State, and where the defendant has
never been a resident of, or served with process with
in this State. If this was a new question we should
have little hesitation; but having been heretofore
passed upon by the highest judicial authority of the
State, its presentation to this court again for discus-
sion, involves considerations of the most grave and
momentous character.

We have no doubt that a divorce duly decreed by

the proper tribunals of the State where the parties are domiciled, and where the marriage was solemnized, would be valid everywhere. So, in cases where the marriage was solemnized in a foreign State, and both parties remove into this State, and are actually domiciled here at the time the suit is commenced, though the causes of divorce may have occurred in another State, jurisdiction may be maintained, both upon principle and authority. This point, as well as others of a kindred nature, has been extensively discussed, both in England and in many of the States of this Union. *Warrender vs. Warrender*, 9 *Bligh*, 89 ; *Story's Confl. Laws*, 329. After reviewing the authorities, Mr. Justice Story says :— " Upon the whole, the doctrine now firmly established in America upon the subject of divorce is, that the law of the place of the actual, *bona fide* domicil of the parties gives jurisdiction to the proper courts to decree a divorce for any cause allowed by the local law, without any reference to the law of the place of the original marriage, or the place where the offence for which the divorce is allowed was committed." (§ 230.) Jurisdiction, according to this doctrine, is made to depend upon the domicil of the parties, so that the defendant may be served with process. When the parties are both residents of this State, jurisdiction, according to authority, may be entertained, wherever the marriage may have been solemnized, or wherever the cause of divorce arose, provided the cause be an adequate one, according to our law.

It appears, however, in this case, that the marriage and the alleged causes of divorce occurred in New York, and that the defendant is and has always been

a resident of that State   He was proceeded against

as a non-resident, in one of the modes pointed out by the statute in such cases.   Was it competent, then, for the Circuit Court to entertain jurisdiction of the cause, and to decree a divorce in such a case, the defendant never having been in the State, and never having appeared in the cause?   This question was decided affirmatively by the Supreme Court of this State under its former organization, in the case of *Manley vs. Manley,* 4 *Chand. Rep.* 97, in which the question was distinctly raised and decided ; a majority of that court expressly holding, that neither residence of the defendant within the State, nor service of process upon him therein, was necessary to give the court jurisdiction.   Other cases of like character and circumstances were entertained by that court, in which the question may or may not have been raised, but by the judgment in Manley *vs.* Manley, was established a rule of decision for the Circuit Courts upon which they have doubtless acted ever since, involving interests and relations vitally affecting the character and happiness of numerous individuals.

In view of the serious consequences which would result from overturning the rule of law laid down as above stated, going as it does to the very jurisdiction of the court, without which its judgment would be null and void, though we cannot adopt the reasoning of the majority in Manley *vs.* Manley, we feel constrained to abide by their judgment rendered therein.   Many divorces, under similar circumstances, have been granted since ; new matrimonial relations have been formed by the parties, to disturb which would give rise to the most painful embarrassment, "in consequence of the doubts and contests which

must ensue as to the rights of legitimacy and succes- sions." We are constrained, therefore, to apply to all these cases, and to the question now presented, the rule *stare decisis*. More especially do we feel authorized in doing so, inasmuch as the jurisdiction claimed is based upon the construction and effect of the statute, and if it be wrong or impolitic, it can readily be changed by legislative enactment, without involving the evils which would follow a judicial decision of like purport. If the legislature did not intend that the provisions of the statute in reference to proceedings in chancery against non-resident de- fendants, should apply to cases of bills for divorce, it is an easy matter to direct and limit the applica- tion hereafter to the appropriate cases, and thus to arrest an increasing evil.

However children, the issue of marriages consum- mated by parties who have availed themselves of the rule of decision above referred to, may be regarded in other States where a different rule prevails, so long as it remains in this State, they will be protected here. The legislature may alter the rule, and arrest the evil, without either bastardizing children, or placing the parent without the pale of legal protec- tion.

We have not examined the proofs in the case, but the decree of the Circuit Court is reversed, and the case is remanded for further proceedings.