Tracy v. Tracy.

CATHARINE TRACY, appellant,

*v.*

JOHN T. TRACY, respondent.

[Filed March 4th, 1901.]

1. A divorce was asked on the ground of desertion. The husband left the wife in Albany, New York, where they were then residing. After remaining there for a time, she came to this state with the purpose, as she testifies, of permanently leaving her old home and of remaining here indefinitely. The desertion continued, and after the statutory period had elapsed she filed her petition for divorce.—*Held,* that she had acquired such a residence as is required by the statute, and, under the testimony, was entitled to the divorce prayed for.

2. Residence is acquired by living in a certain place with no present or definite intention of removing therefrom. The place where a person lives is, *prima facie,* taken to be his residence unless facts be established to the contrary.

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *15 Dick. Ch. Rep. 25.*

*Mr. Malcolm MacLear,* for the appellant, *ex parte.*

The opinion of the court was delivered by

VOORHEES, J.

The appeal in this case is taken from the decree of the court of chancery, refusing the application of the petitioner for a di-

vorce from the defendant, her husband, upon the ground of desertion. The testimony shows that the parties were married at Albany, New York, in November, 1890; that the defendant was employed in the office of the secretary of state there; that they lived together as husband and wife in Albany, New York, until December, 1894, when the husband deserted the wife, leaving her in a boarding-house with an unpaid board bill, and has not rejoined or been with her since, or in any way contributed to her support; that after such desertion she continued to live in Albany, supported by her father-in-law (the father of her former husband), until May, 1897, when, his death having occurred, she removed, on May 18th, 1897, to New Jersey, and has continued to live in Newark since that time, at first boarding, and then conducting a boarding-house of her own for over a year; then she sold the boarding-house, and has been in lodgings since. She made several visits during the summers to the house of friends near her former home, but left in Newark a large part of her personal property and wearing apparel. She says she left Albany permanently. Her intention was to take up a residence in New York City, but finding that too expensive for her means, she went over to Newark, where she had friends, and made that her permanent residence. She denies having come to New Jersey for the purpose of procuring a divorce; she denies having any thought or intention of securing a divorce when she first came; she states that her only object in leaving Albany was to avoid the unpleasant criticisms and comments of her acquaintances about her being deserted by her husband. She says when she came here her idea was to give up her home in Albany and to live in New Jersey indefinitely; that she has not changed her purpose, but still expects to remain here, and it is her only residence and home. She produced several witnesses, who testify to her coming here, and to her remaining here, and to the continued desertion of her husband while here. The vice-chancellor found that the evidence produced satisfactorily established the desertion contemplated by the statute, but advised against the divorce upon the ground that he didn't believe that she came here for the purpose of giving up her home permanently and

settling here, or that she had acquired a permanent or actual residence in New Jersey. He says, in his opinion, that except for her acquaintances in Newark, there was nothing to bring her to New Jersey except to obtain a divorce, and nothing to keep her here after she had obtained it, and he relies upon the authority of *McGean* v. *McGean, 15 Dick. Ch. Rep. 21.* That case materially differs from the one in hand. In *McGean* v. *McGean* the complainant testified that after her husband deserted her she consulted a lawyer in Brooklyn, who told her she could not secure a divorce in New York, and advised her to come to New Jersey and procure a residence for the statutory period; her residence had been in Brooklyn. She came to Jersey City and secured board there in a family for the statutory period, and spent much of her time at her home in Brooklyn, and then applied for a divorce, which was refused. Her avowed purpose in coming to New Jersey was to secure a divorce, while in the case in hand the petitioner, who is the only one who can testify on the subject, denies any intention of coming to New Jersey to secure a divorce.

The fact that a person comes into a state for a specified purpose does not necessarily prevent him from procuring a residence there, if at the time of coming he has no definite idea of removing from the state when that purpose is accomplished, or at some other definite period. But if he goes with the avowed object of living there to secure a standing on which to found a judicial proceeding, a violent presumption would arise that the *animus* of remaining was not definite, but was largely determinate upon the termination of such procedure, and that an actual and *bona fide* residence had not been obtained. The petitioner was not impeached in any way, and her testimony not contradicted; it was consistent, clear and relevant; did not bear any intrinsic evidence of improbability, and was sufficient after the other testimony produced, under the statute, to establish her residence here, and entitled her to the divorce prayed for.

A court or jury may consider the weight of evidence, and pass upon the credit of the respective witnesses, but can they arbitrarily and capriciously refuse to accept the unimpeached, uncontradicted testimony of a witness which is not inherently

inconsistent or improbable? *Lomer* v. *Meeker, 25 N. Y. 361;*
*Seibert* v. *Erie Railroad Co., 49 Barb. 583.*

The act under which this application was made provides that
the court of chancery shall have jurisdiction in all causes of
divorce, alimony and maintenance * * * where the complain-
ant or defendant shall be a resident of this state at the time of
filing the bill of complaint, and shall have been a resident of this
state for the term of two years, during which such desertion shall
have continued. *Gen. Stat. p. 1273 § 39.*

Residence has been defined to be the place where a person's
habitation is fixed, without any present intention of removing
therefrom. The place where a person lives is *prima facie* taken
to be his residence, unless facts be established to the contrary.
*3 Am. L. Reg. (N. S.) 262; Ennis* v. *Smith, 14 How. 423;*
*Hoskins* v. *Matthew, 8 De G. M. & G. 12.* Residence does not
depend upon the manner of living, which may be at housekeep-
ing or lodging. *Waterborough* v. *Newfield, 8 Greenl. 203; 1*
*Am. Lead. Cas. 744.* Residence is lost by leaving the place where
one has acquired a permanent home, and removing to another
place *animo non revertendi,* and is gained by remaining in such
new place *animo manendi.* A *feme covert's* residence follows
that of her husband, but terminates with the reason upon which
it rests, and when the union between the two ceases, and an atti-
tude of hostility arises, they may each have different residences.
*Harteau* v. *Harteau, 14 Pick. 181; 3 Am. L. Reg. (N. S.) 260.*
Residence and domicile have been fully described in this state,
in *Stout* v. *Leonard, 8 Vr. 492, 495; Daubmann* v. *Camden,*
*10 Vr. 57; Magowan* v. *Magowan, 12 Dick. Ch. Rep. 322.* The
testimony clearly shows that the petitioner lived within the State
of New Jersey during the statutory time required for procuring
the divorce prayed for; that she acquired a residence here and
was a resident at the time of filing her petition; that the deser-
tion was continued, willful and obstinate during the said time;
that she left Albany with no idea of returning, and came here
with no intention of leaving. She is entitled to the divorce
prayed for.

The decree should be reversed.

*For reversal*—The Chief-Justice, Dixon, Collins, Fort, Garretson, Hendrickson, Bogert, Vredenburgh, Voorhees —9.

*For affirmance*—None.