239 So.2d 595 (1970)
GENERAL GUARANTY INSURANCE COMPANY, a Florida Corporation, Appellant,
v.
Gertrude Delores BROXSIE, Appellee.
No. N-168.
District Court of Appeal of Florida, First District.
October 1, 1970.
*596 Helen C. Ellis, of Kean, O'Kelley & Spitz, Tallahassee, for appellant.
Robert C. Dean, Law Offices of John A. Rudd, Tallahassee, for appellee.
WIGGINTON, Judge.
Defendant has appealed a final declaratory judgment rendered in favor of plaintiff which found and adjudged that plaintiff was a covered insured within the terms of an automobile liability insurance policy issued by defendant.
Plaintiff, Gertrude Delores Broxsie, a minor, commenced living with her aunt, Pauline Parker, as a resident of the latter's household in the year 1951. While occupying such status plaintiff enrolled as a student in a vocational school at Thomasville, Georgia, in 1966. The court judicially knows that Thomasville is approximately thirty miles north of Pauline Parker's home which is located in the vicinity of Monticello, Florida. Plaintiff attended this school until her graduation therefrom on September 1, 1967. Two days later, while operating a nonowned motor vehicle in the vicinity of Monticello, plaintiff collided with a motor vehicle occupied by other persons who instituted suit against her for the damages suffered by them as a result of plaintiff's alleged negligence. Defendant disclaimed liability under the insurance policy issued by it to Pauline Parker on the ground that plaintiff was not an insured thereunder within the terms and provisions of the policy.
The controlling question on which the issues of this case must turn is whether the plaintiff, at the time of the collision out of which her liability arose, was a resident of the household of her aunt, Pauline Parker, within the definition of the term "relative" contained in the policy sued upon which provides as follows:
"(c) Definitions: When used with respect to Part I [including liability coverage] * * * `relative' means a person related to the named insured by blood, *597 marriage or adoption who is a resident of the same household, * * *."
Appellant's sole contention is that the trial court erred when it held as a matter of law that under the undisputed facts disclosed by the record and recited in the judgment appealed the plaintiff was a resident of the household of her aunt, Pauline Parker, at the time of the collision.
It appears to be the settled law of this state that what constitutes residency is a mixed question of law and fact to be determined from the evidence presented in each individual case. As said by the Supreme Court in Kiplinger v. Kiplinger:[1]
"The residence of a party consists of fact and intention. Warren v. Warren, 73 Fla. 764, 75 So. 35, L.R.A. 1917E, 490. Residence indicates place of abode, whether permanent or temporary. Minick v. Minick, 111 Fla. 469, 149 So. 483. A resident is one who lives at a place with no present intention of removing therefrom. Tracy v. Tracy, 62 N.J. Eq. 807, 48 A. 533. Whether or not a party is a resident is a question of law and fact to be settled or determined from the facts of each particular case."
Courts of other jurisdictions have held that the phrase "resident of the same household" as employed in automobile liability insurance policies is ambiguous, has no absolute or precise meaning and should be considered in its most inclusive sense.[2]
In the judgment appealed the trial court enumerated certain factors to be considered in determining who is a relative residing in the same household as the named insured. The court said:
"6. The contract affords liability coverage in connection with a non-owned automobile to the named insured, and also, with certain limitations, to a relative who is a resident of the same household. Whatever else may be embraced in the meaning of the term `household' there is invariably involved a fixed house or place of abode and the presence of one or more persons who dwell there. When there is more than one person there is the common bond between such persons in the concept of family, that is, that all members of the household have ties of blood, marriage or adoption among themselves. Those merely dwelling under the same roof does not constitute them members of the same household, but such is the result when they share common bonds of kinship and also share the facilities of the house for living purposes. The three ingredients are (1) close ties of kinship; (2) a fixed dwelling unit; and (3) enjoyment of each of part of the living facilities. The main thread of a household or family is the sharing of companionship and of the living facilities of the dwelling unit by the members of the household. It is not limited to the family composed of a married couple and minor children or of one parent with a child or children. As contemplated in the policy here it extends to those related by blood, marriage or adoption to the named insured when `resident in the same household'. The term `resident' has been defined as `one who lives in a place as distinguished from a visitor or transient'. Websters New 20th Century Dictionary, Second Edition. As has been pointed out in the Robinson case, supra, a person may have a residence in more than one place. What appears to distinguish a person as a resident or nonresident is that the resident is more than a mere visitor or transient, but lives at a place with additional attachments of such significance as to render that person a more or less consistent part of the community * * *."
We agree that the criteria adopted by the trial judge in resolving the issue presented *598 for decision are reasonable and in conformity with principles applicable to the construction of insurance contracts.
We do not perceive that any useful purpose would be served by recounting in detail all the evidence bearing upon the status of plaintiff as a resident of her aunt's household. We have carefully considered all such evidence and find that it reasonably supports the conclusion of the trial court that plaintiff was a resident of her aunt's household at the time of the collision. This conclusion is sustainable even though during the school year immediately preceding the collision plaintiff was living in a rented room in Thomasville while attending school there and intended, after graduation, to accept employment at a hospital in Thomasville.[3] It would not be until after plaintiff entered upon the full-time duties of her new employment at the hospital in Thomasville with the intention of establishing a new permanent residence there that she will be considered to have abandoned her prior residence in the home of her aunt in Monticello.
The judgment appealed is affirmed.
JOHNSON, C.J., and RAWLS, J., concur.
NOTES
[1] Kiplinger v. Kiplinger (1941), 147 Fla. 243, 2 So.2d 870, 873, 874.
[2] Buddin v. Nationwide Ins. Co. (1967) 250 S.Ct. 332, 157 S.E.2d 633; American Universal Ins. Co. v. Thompson (1963) 62 Wash.2d 595, 384 P.2d 367.
[3] Travelers Insurance Co. v. Mixon (1968) 118 Ga. App. 31, 162 S.E.2d 830.