366 So.2d 857 (1979)
Beatrice PUENTE, etc., et al., Appellants,
v.
Anna Amparo ARROYO, etc., et al., Appellees.
Nos. 78-451, 78-459.
District Court of Appeal of Florida, Third District.
January 30, 1979.
Horton, Perse & Ginsberg and Edward A. Perse, P.J. Carroll & Associates, Miami, for appellants.
Knight, Peters, Pickle, Niemoeller & Flynn, Jeanne Heyward, Miami, for appellees.
Before KEHOE and SCHWARTZ, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
SCHWARTZ, Judge.
The issue in this case is whether a child visiting and staying with a relative for a short period during her summer vacation is a "resident" of the relative's household under the terms of a homeowner's insurance policy. We hold, as a matter of law, that she is not and therefore affirm the determination of the trial judge who, in entering summary judgment for the insurance company, reached the same conclusion below.
The facts are undisputed. Mr. and Mrs. Cossio owned a home in southwest Dade County. For five or six days before the accident, which occurred on June 15, 1976, Mrs. Cossio's cousin, nine-year-old Anna Arroyo, and Anna's grandmother, Mrs. Cossio's aunt, had been visiting the Cossios, sleeping and taking their meals at their home. Anna lived in Puerto Rico and was in Miami for approximately a month's vacation. After their week's stay with Mr. and Mrs. Cossio, she and her grandmother stayed for successive periods in the homes of two other Miami relatives and then returned to Puerto Rico. On the day in question, Anna's bicycle collided with another ridden by Beatrice Puente.
At the time, Mr. Cossio was the named insured under a homeowner's policy issued by U.S.F. & G. The policy defined "insured" as the named insured and
"... if residents of the named insured's household, his spouse, the relatives of either, and any other person under the age of 21 in the care of any insured ..."
Ms. Puente and her mother sued Anna Arroyo for her injuries. They also alleged that Anna was a "resident" of the Cossio household at the time and that she was therefore insured by U.S.F. & G. for the accident. The trial judge held to the contrary, entered summary judgment for the company that the policy afforded no coverage to Anna Arroyo, and the Puentes appealed.
*858 Our affirmance of that judgment is based upon the conclusion that Anna was conclusively established to have been no more than a visitor or guest, and not a resident, in the Cossio household. In General Guaranty Ins. Co. v. Broxsie, 239 So.2d 595, 597 (Fla. 1st DCA 1970), and Becklin v. Travelers Indemnity Co., 263 So.2d 629, 630 (Fla. 1st DCA 1972), the court pointed out the essential distinction between one who is a "resident" for coverage purposes and one who is not:
"... The resident is more than a mere visitor or transient, but lives at a place with additional attachments of such significance as to render that person a more or less consistent part of the community."
Anna simply does not qualify as a "resident" under this definition. While it is of course true that the term must be "considered in its most inclusive sense," General Guaranty Ins. Co. v. Broxsie, supra, at 239 So.2d 595, even that sense requires that there be a significant and substantial relationship between the "resident" and the home. Although the precise nature of the attachment may vary, each of the cases which have held one to be a "resident" of a particular household for insurance purposes has involved just such a relationship. State Farm Mutual Automobile Ins. Co. v. Holland, 296 So.2d 100 (Fla. 1st DCA 1974) (family home of married son); Becklin v. Travelers Indemnity Co., supra, (same); General Guaranty Ins. Co. v. Broxsie, supra, (15-year home of out-of-state student); Simpson v. Motorists' Mutual Ins. Co., 494 F.2d 850 (7th Cir.1973) (only, although short-term, home of Navy enlistee); Crossett v. St. Louis Fire & Marine Ins. Co., 289 Ala. 598, 269 So.2d 869 (1972) (family home of college student); American Universal Insurance Co. v. Thompson, 62 Wash.2d 595, 384 P.2d 367 (1963) (family home of Army member); Fonvielle v. South Carolina Ins. Co., 245 S.E.2d 736 (N.C. App. 1978) (family home); State Farm Mutual Ins. Co. v. Elkins, 52 Cal. App.3d 534, 125 Cal. Rptr. 139 (1975); (family home); Travelers Ins. Co. v. Mixon, 118 Ga. App. 31, 162 S.E.2d 830 (1968) (family home of college student).
When, on the other hand, and as in this case, no significant connection exists between the person and the household in question, no coverage is afforded. See Hamilton v. State Farm Mutual Automobile Ins. Co., 364 So.2d 215 (La. App. 1978); Indemnity Ins. Co. of North America v. Sanders, 169 Okla. 378, 36 P.2d 271 (1934). In Stadelmann v. Glen Falls Ins. Co., 5 Mich. App. 536, 147 N.W.2d 460 (1967), the court, interpreting identical policy language, held, as a matter of law and reversing a finding below to the contrary, that a sister from West Germany visiting her brother for a six-to-eight week period was not a "resident" of his household. The court stated at 147 N.W.2d 463:
"... In the case at hand, the facts being undisputed, the question of whether plaintiff was a resident of her brothers household was and is one of law. Gersten v. Western Assurance Co. (1933), 265 Mich. 122, 251 N.W. 310. We rule that the term `resident of household' is not ambiguous, and as applied to the facts of this case, does not include a relative who is a part of another household and a resident of a foreign country. Relatives such as plaintiff are temporary guests when visiting for definite periods of time, and living in the same dwelling under these circumstances does not qualify her as an insured under the terms of the policy."
We agree with this holding and find it directly applicable to this case. See also Country Mutual Ins. Co. v. Watson, 1 Ill. App.3d 667, 274 N.E.2d 136 (1971); Great American Ins. Co. v. Marshall, 266 F. Supp. 208 (D.S.C. 1967).
Of course, as the appellants argue, this "ambiguous" term of an insurance policy, General Guaranty Ins. Co. v. Broxsie, supra, at 239 So.2d 595; but see Allstate Ins. Co. v. Gordon, 364 So.2d 44, 46 (Fla. 3d DCA 1978), must be given the broadest definition possible to provide coverage. St. Paul Fire & Marine Ins. Co. v. Thomas, 273 So.2d 117 (Fla. 1973). But while an expansive definition of the perhaps ambiguous term "cat" may include a lion, it cannot include a dog. *859 Anna Arroyo was not a resident of the Cossio household when the accident occurred.
Affirmed.