PER CURIAM.
We discern no error in the trial court’s finding that as a matter of law the appellee is entitled to stack the uninsured motorist coverage on his automobile, the automobile of his wife, and the automobile of his son Martin, since upon the undisputed facts, the court correctly concluded that appellee was a “family member,” that is, a *159 person residing in the same household with these relatives, notwithstanding that his automobile, for business reasons, was principally garaged elsewhere. Compare General Guaranty Insurance Co. v. Broxsie, 239 So.2d 595 (Fla. 1st DCA 1970), with Puente v. Arroyo, 366 So.2d 857 (Fla. 3d DCA 1979). However, with respect to the court’s finding that appellee’s son Robert III, a college student at Gainesville, Florida, is a member of the same household as appellee, so as to permit stacking on Robert Ill’s policy, there is a genuine issue of material fact, see American Motorists Insurance Co. v. Bennett, 415 So.2d 897 (Fla. 3d DCA 1982); United States Fidelity and Guaranty Co. v. Williams, 375 So.2d 328 (Fla. 1st DCA 1979) (Smith, R.P., Jr., J., dissenting from denial of rehearing), as to whether this son, who apparently lived in Gainesville year-round and had registered to vote there, continued nonetheless to be a member of his family’s household in Miami with the intention to return thereto. We have examined the other points raised by the appellant and find them to be without merit.
The summary final judgment is reversed insofar as it permits the appellee to stack the uninsured motorist coverage on the automobile of his son Robert III; in all other respects, it is affirmed.
Affirmed in part; reversed in part, and remanded for further proceedings.