Mr. Charles D. Waller City Attorney City of Zephyrhills 417 East Live Oak Avenue Post Office Box 1668 Dade City, Florida 34297-1668
Dear Mr. Waller:
This is in response to your request for an opinion on substantially the following question:
 MAY THE CITY OF ZEPHYRHILLS APPOINT A PERSON WHO IS NOT A RESIDENT OF THE MUNICIPALITY TO THE MUNICIPAL CODE ENFORCEMENT BOARD?
Chapter 162, F.S., the "Local Government Code Enforcement Boards Act," authorizes counties and municipalities, at their option, to create administrative boards for the purpose of providing "an equitable, expeditious, effective, and inexpensive method of enforcing the technical codes in force in counties and municipalities. . . ." Sections 162.02 and 162.03, F.S. Such technical codes include, but are not limited to, occupational license, fire, building, zoning and sign codes. Subsection (1) of s. 162.05, F.S., pertaining to the composition of the code enforcement board, provides: "The membership of the enforcement board shall, whenever possible, include an architect, a businessman, an engineer, a general contractor, a subcontractor, and a realtor." (e.s.) You state in your letter that the City of Zephyrhills is basically a retirement community and as a consequence thereof, has very limited professional architects, engineers, contractors, and so forth, who are actually residents of the city. You therefore ask whether the governing body of the city may appoint persons who have the pertinent professional qualifications but who are not residents of the city, although such persons live in an area to which the municipality has extended the exercise of its corporate powers in order to provide municipal public works as provided in Ch. 180, F.S.
Pertaining to the appointment of the code enforcement board, subsection (1) of s. 162.05, F.S., clearly provides: "The local governing body may appoint a seven-member code enforcement board and legal counsel for the enforcement board. Members of the enforcement board shall be residents of the municipality in the case of a municipal enforcement board, or residents of the county in the case of a county enforcement board." (e.s.) This language is mandatory and the courts have made it clear that where the language of a statute is plain and unambiguous, there is no necessity for any construction or interpretation of the statute, and effect should only be given to the plain meaning of the statute's terms. State v. Egan, 287 So.2d 1 (Fla. 1973); Tropical Coach Line, Inc. v. Carter, 121 So.2d 779 (Fla. 1960); Maryland Casualty Co. v. Sutherland, 169 So. 679 (Fla. 1936). And see, Florida Tallow Corporation v. Bryan, 237 So.2d 308 (4 D.C.A. Fla., 1970) (word "shall" when used in statute has, according to its normal usage, a mandatory connotation); Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (1 D.C.A. Fla., 1963).
The term "residents" is not defined in Ch. 162, F.S.; thus the word must be given its meaning and significance from the context in which it is used. The terms "residence," "residing," or equivalent terms when used in statutes are generally used in the sense of "legal residence," i.e., the place of domicile or permanent abode as distinguished from temporary residence. Herron v. Passailaigue, 110 So. 539, 543 (Fla. 1926). A legal residence, or domicile, is the place where a person has fixed an abode with the present intention of making it his permanent home. Minick v. Minick, 149 So. 483 (Fla. 1933); see also, Gillman v. Gillman,413 So.2d 412 (4 D.C.A. Fla., 1982); Puente v. Arroyo, 366 So.2d 857
(3 D.C.A. Fla., 1979). See generally, 20 Fla.Jur.2d Domicile and Residence ss. 4, 5, and 6. And see, 77 C.J.S. Resident at 307 wherein it is stated that "[i]n order to constitute a person a resident of a particular state, he must intend to make, and actually make, that state his home, although he need not have determined to make it always his home. Thus a person becomes a resident of a state when he is personally present at some place of abode within the state, with no present intention of definite and early removal, and with a purpose and intent to remain for an undetermined period, not infrequently, but not necessarily, combined with a design to remain permanently[.]" Thus, whether a person is or is not a resident of a particular place is a question of law and fact, to be determined from all the facts of each particular case. It seems clear from the language of s. 162.05(1), F.S., however, that the Legislature intended by the use of the term "residents of the municipality" that persons appointed to the municipal code enforcement board actually reside within the municipality.
You inquire whether persons who reside in an area outside the municipal boundaries but within the area served by the extention of public works pursuant to Ch. 180, F.S., may be considered to be residents of that municipality. Subsection (2) of s. 180.02, F.S., authorizes a municipality to "extend and execute all of its corporate powers applicable for the accomplishment of the purposes of this chapter (i.e., municipal public works) outside of its corporate limits, as hereinafter provided. . . ." Such a legislative grant of authority would appear to be necessary in order for the exercise of such powers by the municipality outside of its municipal boundaries. See, s. 2(c), Art. VIII, State Const. ("exercise of extra-territorial powers by municipalities shall be as provided by general or special law"); s. 166.021(3)(a), F.S. (legislative body of each municipality has power to enact legislation concerning any subject matter upon which the state Legislature may act except the subjects of, inter alia, extra-territorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution). Section180.06, F.S., sets forth the activities authorized by municipalities, inter alia, providing for a water supply system and providing for the collection and disposal of garbage and of sewage. Toward the accomplishment of such purposes a municipality may extend and execute its powers outside its corporate limits, provided they do not extend to or apply within the corporate limits of another municipality. However, nowhere in Ch. 180, F.S., do I discern a legislative intent to include or to consider those areas to which the municipal corporate powers are extended as a part of, or within the corporate limits of, a municipality such that persons living in such area may be considered to be residents of the municipality for purposes of membership on that municipality's code enforcement board.
In a previous opinion this office addressed the authority of a municipality to regulate its code enforcement board or to impose any duties or requirements on the code enforcement board. In AGO 84-55, this office concluded that local governing bodies do not possess any home rule power over the code enforcement boards or the duties and powers conferred and imposed on such boards by the Legislature. That opinion, in pertinent part, stated:
 Section 162.03, F.S., gives to local governing bodies the option to create or abolish by ordinance such code enforcement boards, as provided in Ch. 162, but no authority to regulate such boards or their members is delegated to local governments other than as specified in ss. 162.03 and 162.05. While s. 162.13 permits a local governing body to enforce its codes by means other than those prescribed in ss. 162.01-162.12, no provision of Ch. 162 delegates any power to the local governments or their governing bodies to enact any legislation to anywise alter, add to, modify or deviate from the terms of Ch. 162 or to confer any power or impose any duty or requirement upon the code enforcement boards, or their members, or the code inspectors (in their relationship and in their duties with and concerning the boards) provided for in s. 162.06, or the legal counsel, provided for in s. 162.05(1). . . . (emphasis in the original)
Accord, AGO 85-17. Therefore, I am constrained to respond to your inquiry in the negative.
In conclusion, I am of the opinion that, unless and until legislatively amended, the governing body of a municipality is not authorized by law to appoint persons who are not residents of the municipality but who reside in an area to which the municipality has extended its corporate powers to provide municipal public works pursuant to Ch. 180, F.S., to serve as members of the municipal code enforcement board.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General