PER CURIAM.
The final summary judgment entered in this declaratory decree action is reversed and the cause is remanded to the trial court for further proceedings. We reach this result based on the following, briefly stated legal analysis.
First, the subject liability insurance policy issued to the insured Kathryn Sealey by the insurer Coronet Insurance Company— which otherwise covers the insured for injuries to the plaintiff Molly Sealey as a result of the automobile accident sued upon in this case — contains an exclusion for “bodily injury, property damage or death sustained by any ... member of the family of an insured residing in the same household as the insured.” See Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172, 1173 (Fla.1977).
Second, the plaintiff Molly Sealey is the mother-in-law of the insured Kathryn Sealey, and was therefore a “member of the family of [the] insured” within the meaning of the above exclusion. See Larsen v. State Farm Mutual Automobile Insurance Co., 485 So.2d 458 (Fla. 4th DCA 1986).
*90 Third, the plaintiff Molly Sealey was living in the same house as the insured Kathryn Sealey at the time of the automobile accident sued upon, but there was no showing below that the said plaintiff was “residing in the same household as the insured,” (emphasis supplied) as required by the above exclusion. Indeed, it has been represented to this court that (a) the plaintiff Molly Sealey is entirely self-supporting and is not a member of the insured’s or anyone else’s household, and (b) both the plaintiff and the insured live under the same roof, but in different households in which neither one contributes to the support of the other.
Fourth, the record in this cause raises a genuine issue of material fact as to whether, at the time of the accident sued upon, the plaintiff Molly Sealey was “residing in the same household' as the insured” or was instead residing in her own self-supported household. If the former is true, there would be no insurance coverage in this case as the subject exclusion would be applicable; if, on the other hand, the latter is true, there would be insurance coverage in the case as the subject exclusion would be inapplicable. This being so, it is plain that the summary judgment under review was erroneously entered below and must be reversed for further proceedings. See Larsen v. State Farm Mutual Automobile Insurance Co., supra; Travelers Indemnity Co. v. McClure, 432 So.2d 158, 159 (Fla. 3d DCA 1983); American Motorists Insurance Co. v. Bennett, 415 So.2d 897 (Fla. 3d DCA 1982); see generally Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Reversed and remanded.