PER CURIAM.
This is the second appeal in this case following our reversal of a final summary judgment in a declaratory decree action entered in favor of the defendant Coronet Insurance Company. In the prior appeal, the trial court found no insurance coverage for the insured Kathryn Sealey for alleged *1085 injuries which, it is claimed, she negligently inflicted on the plaintiff Molly Sealey in an automobile accident, Sealey v. Coronet Ins. Co., 487 So.2d 89 (Fla. 3d DCA 1986). Upon remand, the trial court conducted further proceedings in which additional evidence was received relative to the application of the family member exclusion of the subject insurance policy. Based on this additional evidence, the trial court again entered a final summary judgment in favor of the defendant Coronet Insurance finding no insurance coverage in the cause based on the family member exclusion.
This time we affirm the final summary judgment under review because, simply stated, the evidence is now clear from this record that the plaintiff Molly Sealey — who is the mother-in-law and, therefore, a family member of the insured Kathryn Sealey— lived in a single, joint household, which included the insured Kathryn Sealey, on the date of the subject automobile accident. She did not, as urged in the first appeal, live in her own self-contained, self-supported household. The record demonstrates, without material dispute, that both parties contributed to the support of one another in a single joint household, wherein (a) Kathryn Sealey contributed $100-$150 a month for household expenses, and (b) Molly Sealey paid the balance of such joint expenses. There was no formal or informal rental arrangement established between the parties so as to create, in essence, a landlord-tenant relationship. It, therefore, cannot be said, as urged, that two self-contained, self-supporting households existed under one roof in this case. This being so, the family member exclusion of the subject insurance policy was fully applicable. See General Guar. Ins. Co. v. Broxsie, 239 So.2d 595, 597 (Fla. 1st DCA 1970).
Affirmed.