650 So.2d 624 (1994)
SEITLIN & COMPANY, Appellant,
v.
The PHOENIX INSURANCE COMPANY, Howard Silber, and Brad Schandler, Appellees.
The PHOENIX INSURANCE COMPANY, Appellant/Cross-Appellee,
v.
Howard SILBER, Appellee, and
Brad Schandler, Appellee/Cross-Appellant.
Nos. 91-1121, 91-1099.
District Court of Appeal of Florida, Third District.
September 14, 1994.
Rehearing Denied March 15, 1995.
Touby, Smith, DeMahy & Drake and Kenneth R. Drake, Miami, for appellant Seitlin & Co.
*625 Angones, Hunter, McClure, Lynch & Williams and Christopher Lynch, Miami, for appellant/appellee The Phoenix Ins. Co.
Magill & Lewis and R. Fred Lewis, Miami, for appellee/cross-appellant Brad Schandler.
Gordon & Michelson, P.A., Cooper & Wolfe and Sharon L. Wolfe and Linda G. Katsin, Miami, for appellee Howard Silber.
Before COPE, LEVY[1] and GODERICH, JJ.
COPE, Judge.
These are consolidated appeals from a declaratory judgment determining the existence of insurance coverage under a homeowner's insurance policy, and a related judgment for indemnification. We affirm in part and reverse in part.
The first issue is whether the trial court properly concluded that appellee Brad Schandler was an insured under his parents' homeowner's policy. Schandler's parents lived in northern Dade County and were covered by a homeowner's policy. Schandler enrolled in the University of Miami Law School. For convenience he took an apartment close to the law school. However, Schandler and his family treated the family home as his permanent residence. Schandler's parents were his sole support and claimed him as a dependent for federal income tax. Schandler had a key to the family home, received his mail there, and maintained a room and belongings there.
While at the apartment complex, Schandler engaged in horseplay with another student, appellee Howard Silber. Silber sustained a broken collarbone and other injuries requiring surgery. Silber asked Schandler if the Schandler family's homeowner's insurance policy would provide coverage for the incident. Schandler's father in turn asked the insurance agent, appellant Seitlin & Company.[2]
The homeowner's policy was issued by the Phoenix Insurance Company. Under the homeowner's insurance policy, an "insured" included "a resident of the named insured's household... ." The Seitlin insurance agent informed Schandler's father that there would be no coverage under the homeowner's policy. The agent reasoned that Schandler could not be a resident of the parents' household if he had his own apartment.
Silber brought suit against Schandler for the injuries he had sustained. At his own expense Schandler hired counsel to defend the lawsuit. Shortly before trial, defense counsel reexamined the homeowner's policy and concluded that the policy provided coverage. Schandler demanded that Phoenix provide coverage and defend the case. The insurer declined. At trial Silber recovered a judgment against Schandler for $80,000. After the trial, Silber and Schandler entered into a settlement agreement which limited Schandler's personal liability to $6,200. As part of the settlement, Schandler assigned his rights against Phoenix to Silber.
Silber then filed a declaratory judgment action against Phoenix, seeking a declaration that Schandler was covered under the homeowner's policy. Schandler intervened and took the same position. Phoenix contended that Schandler could not be deemed to be a resident of the parents' household, and that accordingly there was no coverage under the insurance policy. The trial court directed a verdict against Phoenix on this issue, ruling that Schandler was an insured under the policy and that Phoenix must provide coverage. Phoenix has appealed.
The situation presented here is the rather common one in which a student takes an apartment in the vicinity of a university or other school for the duration of studies, while continuing to maintain the parents' home as the permanent place of residence. The facts of the present case are comparable to those found in General Guaranty Insurance Co. v. Broxsie, 239 So.2d 595 (Fla. 1st DCA 1970), which we follow. See also Trezza v. State Farm Mutual Auto. Ins. Co., 519 So.2d 649 (Fla. 2d DCA 1988) (military service); 7A John A. Appleman, Insurance Law and *626 Practice § 4501.08, at 262-63 (Berdal ed. 1979) ("Students who are temporarily away at school, whose tuition and expenses are provided by parents and who maintain some possessions at the home of their parents remain residents within the definition of the policy."). Comparable policy language has been liberally construed in favor of coverage in analogous circumstances. See State Farm Mutual Auto. Ins. Co. v. Johnson, 536 So.2d 1089 (Fla. 4th DCA 1988); Sutherland v. Glens Falls Ins. Co., 493 So.2d 87 (Fla. 4th DCA 1986); Row v. United Servs. Auto. Ass'n, 474 So.2d 348 (Fla. 1st DCA 1985).
Phoenix argues, however, that in order for Schandler to be considered a resident of the parents' household, he must have a fixed intention to return to the parents' home and reside there upon the conclusion of his studies. This argument was rejected in Broxsie. There, the court said:
[P]laintiff was a resident of her aunt's household [in Monticello, Florida] at the time of the collision. This conclusion is sustainable even though during the school year immediately preceding the collision plaintiff was living in a rented room in Thomasville [Georgia] while attending school there and intended, after graduation, to accept employment at a hospital in Thomasville. It would not be until after plaintiff entered upon the full-time duties of her new employment at the hospital in Thomasville with the intention of establishing a new permanent residence there that she will be considered to have abandoned her prior residence in the home of her aunt in Monticello.
239 So.2d at 598 (footnote omitted). As in Broxsie, Schandler anticipated that upon the conclusion of his studies, he would obtain employment and set up a household entirely independent of his parents. That future intention did not detract from the fact that, at the time of the tort incident, Schandler was properly viewed as being resident in the parents' household. The directed verdict was entirely correct. See Sears, Roebuck & Co. v. McKenzie, 502 So.2d 940, 941 (Fla. 3d DCA), review denied, 511 So.2d 299 (Fla. 1987).
We next consider Schandler's cross-appeal. In the declaratory judgment action Schandler made a claim against Phoenix for his attorney's fees and costs expended in defending against the Silber lawsuit. Because Schandler was an insured under the homeowner's policy, Phoenix had a duty to defend him in the Silber tort suit. By failing to do so, Phoenix breached the contract of insurance. As a result, Schandler was entitled to recover attorney's fees and costs reasonably paid or incurred. See Town & Beach Plumbing Co. v. American Fire & Casualty Co., 157 So.2d 700, 701 (Fla. 3d DCA 1963); see also Preuss v. United States Fire Ins. Co., 414 So.2d 249, 250 (Fla. 4th DCA), review denied, 424 So.2d 763 (Fla. 1982); Tropical Park, Inc. v. United States Fidelity & Guaranty Co., 357 So.2d 253, 257 (Fla. 3d DCA 1978).
Schandler testified that he had actually paid approximately $2,000 in out-of-pocket costs and $5,000 in attorney's fees defending against the Silber claim. Schandler testified that he owed approximately $24,000 more in attorney's fees which he had not yet paid. Schandler introduced into evidence the invoices reflecting these amounts. The jury returned a verdict of zero. Schandler moved for a new trial, contending that the verdict was contrary to the manifest weight of the evidence. The trial court denied the motion, and Schandler has appealed.
Phoenix argues that Schandler's attorney's fee case was fatally deficient because Schandler failed to call an attorney's fee expert to testify at trial. Phoenix specifically objected that an attorney's fee expert was necessary. Schandler declined to call an attorney's fee expert, arguing that case law pertaining to medical bills also applies to attorney's fees. See Garrett v. Morris Kirschman & Co., 336 So.2d 566, 571 (Fla. 1976) (plaintiff's testimony created jury issue on reasonableness and necessity of medical expenses). Compare Cason v. Smith, 365 So.2d 1042 (Fla. 3d DCA 1978) (applying Garrett where medical bills were actually paid), with Easton v. Bradford, 390 So.2d 1202 (Fla. 2d DCA 1980) (applying Garrett where medical bill was incurred but unpaid), review dismissed, 399 So.2d 1141 (Fla. 1981); and Polaco v. Smith, 376 So.2d 409 *627 (Fla. 1st DCA 1979) (same), cert. denied, 386 So.2d 640 (Fla. 1980).
The Florida Supreme Court has said "it is well settled that the testimony of an expert witness concerning a reasonable attorney's fee is necessary to support the establishment of the fee." Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351, 352-53 (Fla. 1987). We conclude, therefore, that expert testimony was necessary to support the claim for attorney's fees.
The absence of an attorney's fee expert is not fatal to Schandler's position, however. In addition to attorney's fees, Schandler also made a claim for $2,000 of out-of-pocket costs which he had paid. We know of no authority which required Schandler to adduce expert testimony in support of the claim for costs. Given the uncontroverted evidence, we are unable to see how a reasonable jury could have returned a zero verdict. Accordingly there must be a new trial on damages.[3]See Griffis v. Hill, 230 So.2d 143, 144-45 (Fla. 1970).
We next consider the appeal of Seitlin. During the proceedings below, Phoenix filed a bare-bones cross-claim against Seitlin. In it Phoenix contended that if Phoenix were found liable under the insurance policy, then Phoenix would be entitled to indemnity from Seitlin. As the pleadings make clear, the cross-claim was predicated on Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979). The trial court granted a directed verdict in Phoenix's favor on the issue of indemnity, and judgment was entered thereon. Seitlin has appealed.
Under Houdaille:
Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other and is allowable only where the whole fault is in the one against whom indemnity is sought.... It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter's wrongdoing for which the former is held liable... . Indemnity rests upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity, and there can be no indemnity between joint tortfeasors... . Indemnity can only be applied where the liability of the person seeking indemnity is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed.
374 So.2d at 492-93 (citations omitted); see also Kala Investments, Inc. v. Sklar, 538 So.2d 909, 916 (Fla. 3d DCA), review denied, 551 So.2d 461 (Fla. 1989); Atlantic Nat'l Bank v. Vest, 480 So.2d 1328, 1331 n. 2 (Fla. 2d DCA 1985), review denied, 491 So.2d 281 (Fla. 1986), and review denied, 508 So.2d 16 (Fla. 1987).
Here, Phoenix's liability is predicated on the insurance contract and not on vicarious liability for the acts of Seitlin. Indeed, Phoenix agreed with Seitlin's position that Schandler was not an insured, and denied coverage on that basis. Furthermore, the jury answered an interrogatory verdict finding Seitlin had not been negligent.[4] We therefore reverse the judgment of indemnity, and remand with directions to enter judgment in favor of Seitlin.
In summary, the judgment in favor of Silber is affirmed. The judgment in favor of Phoenix and against Schandler is reversed and the cause remanded for a new trial on Schandler's damage claim only. The judgment in favor of Phoenix and against Seitlin for indemnification is reversed and the cause remanded with directions to enter judgment in favor of Seitlin.
NOTES
[1] Judge Levy did not hear oral argument.
[2] The homeowner's insurer, Phoenix, agreed that Seitlin was Phoenix's agent for purposes of receiving notice of any claims.
[3] At the new trial Schandler may assert the claim for attorney's fees as well as costs.
[4] Phoenix suggests that if it had received earlier notification from Seitlin, it may have been able to avail itself of an intentional acts exclusion in the insurance policy. That issue was not raised below.